# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| STEPHANIE M. FRANCIS & TAYLOR A. FRANCIS,<br><br>Plaintiffs,<br><br>v.<br><br>THE BARTON LAW GROUP, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO.4:22-cv-00582<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes STEPHANIE M. FRANCIS ("Ms. Francis") and TAYLOR A. FRANCIS ("Mr. Francis" and collectively "Plaintiffs"), by and through the undersigned, complaining as to the conduct of THE BARTON LAW GROUP, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides, and conducts business within, the Eastern District of Missouri.

### PARTIES

1

4. Plaintiffs are consumers over the age of 18 and "persons," as defined by 47 U.S.C. §153(39).

5. Defendant is a "debt collector" that provides its debt collection services to clients in a variety of industries.[1]

6. Defendant is a limited liability company organized under the laws of the State of Missouri with its principal place of business located at 9019 Watson Road, St. Louis, Missouri.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon outstanding medical debts ("subject consumer debts") said to be owed by Plaintiffs.

10. Upon information and belief, Defendant acquired collection rights to the subject consumer debts sometime after Plaintiffs defaulted on the subject consumer debts.

11. On or about May 15, 2022, Plaintiffs received 8 (eight) collection letters from Defendant attempting to collect on the subject consumer debts.

12. These 8 collection letters all referenced Plaintiffs' "account number" as "XXX8744," and were the first written communications Plaintiffs received from Defendant in connection with its efforts to collect the subject consumer debts.

---

[1] https://www.bartonlawllc.com

2

13.  One (1) letter was addressed to "Stephanie Francis" and reflected a balance of $3,418.69 and stemming from a debt Ms. Francis is said to have incurred with Texas County Memorial Hospital ("Hospital").

14.  The other 7 (seven) letters were addressed to "Taylor Francis," having balances of $3,418.69, $1,566.08, $1,472.73, $822.23, $2,179.27, $1,323.88, and $11,534.26, again allegedly stemming from debts incurred with Hospital, but this time by Mr. Francis.

15.  None of the 8 collections letters that Defendant sent to either Plaintiff were dated.

16.  The collection letter are inherently confusing in the way each letter references the same account number – XXX8744 – but with 7 different balances.

17.  Moreover, in the two letters with the same balance, again each with the same account number but addressed separately and individually to Plaintiffs, neither were informed of the joint nature of the alleged subject consumer debt as a joint obligation.

18.  Because each letter contains the same account number yet references different totals, the letters create a probability of confusion as to, *inter alia,* how much Plaintiffs are said to owe on their accounts, the number and nature of the underlying accounts upon which Defendant is attempting to collect, why the total due on the subject consumer debts differed from one letter to another, whether any subject consumer debt was jointly and separately liable by another, as well as which underlying debts would be satisfied in the event Plaintiffs made payment to Defendant.

19. Pursuant to the recently amended Regulation F, Defendant was obligated to provide the account number and account-specific information, including the balance of a debt associated with an account number, in a manner that was readily understandable by consumers.

20. However, Defendant's practice of referencing a single account number with varying balances falls short of providing Plaintiffs with the requisite information in a clear and sufficient

manner, in turn materially impacting their ability to chart an intelligent course of conduct in response to Defendant's confusing and inconsistent demands for payment.

21. Defendant's failure to comply with the new requirements for initial communications as outlined in Regulation F illustrates its plain violations of law.

22. Frustrated, concerned, and confused by the nature of Defendant's collection letters, Plaintiffs spoke with their attorneys regarding their rights, resulting in the accrual of expenses and expenditure of resources, as a result of Defendant's conduct.

23. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including, but not limited to, expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived of the ability to intelligently address the subject debts given Defendant's violations of law, and being violated and denied of their federally-protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiffs repeat and reallege paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due, to others, and further, is a business whose principal purpose is the collection of debts.

28. The subject consumer debts are a "debts" as defined by FDCPA §1692a(5) as it is alleged to have arisen out of transactions due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated §§1692e, 1692e(2)(A), and 1692e(10) when it misleadingly and confusingly characterized the amount owed on the subject consumer debts in the collection letters sent to Plaintiffs. Each letter references a single account – XXX8744 – as having seven different balances, even though the letters were sent at the same time. At no point in any of the 8 collection letters does Defendant attempt to provide further information about the reasons for the different account balances in each letter. As such, a sophisticated, let alone unsophisticated, consumer viewing Defendant's collection letters would be confused and misled when attempting to determine the true extent of their liability on the subject consumer debts, and Plaintiffs suffered this precise confusion.

32. The FDCPA and Regulation F is demonstrably clear about what information must be provided to consumers, including accurate account numbers, amounts of debts, and that such information must be provided clearly and conspicuously. Defendant's failure to provide the

5

required information in a clear and conspicuous manner illustrates the deceptive and misleading nature of Defendant's conduct.

### b.  Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f by employing unfair means to collect the subject consumer debts from Plaintiffs. Specifically, it was unfair for Defendant to send collection letters structured in a way to confuse Plaintiffs as to the nature of their alleged liability on the subject debts.

### c.  Violations of FDCPA § 1692g(a)(1) and 12 C.F.R. 1006.34(d)(1)

35. The FDCPA, pursuant to 15 U.S.C. § 1692g(a), outlines various pieces of information that debt collectors must include in their initial communications with consumers. Regulation F, effective as of November 30, 2021, supplements § 1692g(a) with more explicit and detailed information that debt collectors *must* include in their initial communications in order to comply with the FDCPA and Regulation F. *See* 12 C.F.R. § 1006.34(c). Such information includes "the account number," *See* § 1006.34(c)(2)(iv). Furthermore, Regulation F requires that the information provided in the initial communication be "clear and conspicuous," which means "readily understandable." 12 C.F.R. § 1006.34(b)(3).

36. Defendant violated § 1692g(a)(1) and 12 C.F.R. § 1006.34(c)(2)(iv) through its failure to follow the relevant regulations regarding providing consumers an accurate and detailed description of the amount debts and actual account numbers. Instead, Defendant's collection letters seemingly impermissibly lump the subject consumer debts under a single account number, resulting in the same account number being associated with multiple different balances, thus illustrating its failure to comply with the FDCPA and Regulation F.

WHEREFORE, Plaintiffs, STEPHANIE M. FRANCIS and TAYLOR A. FRANCIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 27, 2022                                          Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiffs
Admitted in the Eastern District of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com